125707/BK:mo/1-24-05  Attorney No. 41535

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JANELL RIEDL, | ) | **JUDGE CONLON** |
| | ) | **05C 1527** |
| Plaintiff, | ) | |
| | ) No. | |
| vs. | ) | MAGISTRATE JUDGE DENLOW |
| | ) | |
| CHICAGO POLICE DEPARTMENT, a | ) | **FILED** |
| municipal corporation, and GERALD | ) | |
| BREIMON, sued individually and in his | ) | MAR 1 5 2005 |
| official capacity, | ) | |
| | ) | MICHAEL W. DOBBINS |
| Defendants. | ) | CLERK, U.S. DISTRICT COURT |

## COMPLAINT

NOW COMES the Plaintiff, JANELL RIEDL, through her attorneys THE VRDOLYAK LAW GROUP, LLC and in complaining of the defendants, CHICAGO POLICE DEPARTMENT, a municipal corporation, and GERALD BREIMON, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs rights as secured by the United States Constitution.

### JURISDICTION AND VENUE

1. The plaintiff brings this action to redress injury done to her by the defendants' intentional deprivation of her rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

2. The jurisdiction of this court is proper under 28 U.S.C. § 1331 and

28 U.S.C. § 1343.

3. The deprivation of constitutionally protected rights occurred within the Northern District of Illinois and venue is proper in this district.

## PARTIES and FACTS

1. JANELL RIEDL is a natural person, resident of Chicago, Cook County, Illinois.

2. GERALD BREIMON, sued individually and in his official capacity, is a Chicago Police Officer who, at all times pertinent hereto, acted in his capacity as officer and employee of the City of Chicago's Police Department and acted under color of law.

3. The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

4. That on September 23, 2003, the Plaintiff, JANELL RIEDL, was driving her personal vehicle, a silver 2001 Chevy Tahoe, when she was pulled over by, GERALD BREIMON, a Chicago Police officer in a clearly marked Chicago Police vehicle.

5. That on September 23, 2003, Defendant, GERALD BREIMON, an agent and employee of the Defendant, CITY OF CHICAGO seized the person of JANELL RIEDL, detaining her against her will, forcibly removed her from vehicle she was operating, and detained her for an extended period of time, took photographs of the Plaintiff in a state of semi-undress and/or partial nudity, and forcibly touched Plaintiff about her body.

6. At that time Plaintiff was obeying all laws and was not in violation of any law. That GERALD BREIMON and the CITY OF CHICAGO did not have a reasonable belief that Plaintiff had

committed a crime.

7. That Plaintiff was falsely imprisoned until such time as the CITY OF CHICAGO released her, without charges, at which time, Plaintiff returned to her vehicle and began to proceed to her residence.

8. That the CITY OF CHICAGO and GERALD BREIMON had no legal process justification, or probable cause to hold Plaintiff JANELL RIEDL in custody.

9. That the false imprisonment of Plaintiff JANELL RIEDL proximately caused her injury of a physical and emotional nature which has damaged her and will continue to damage her in the future.

10. As a direct and proximate result of the defendants' misconduct, plaintiff JANELL RIEDL sustained injuries of a personal and pecuniary nature.

11. The acts, conduct, and behavior of defendant, GERALD BREIMON, were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the plaintiffs' rights, by reason of which plaintiffs are entitled to an award of punitive damages.

## COUNT I-JANELL RIEDL v. GERALD BREIMON
### § 1983-Excessive Force

1. Plaintiff repeats and reallege paragraphs 1 through 11 of the parties and facts section as though set forth in full herein.

2. Each act as alleged in this complaint were done by Defendant, GERALD BREIMON, sued individually and in his official capacity, under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the City of Chicago, the County of Cook, and

under the authority of his office as a police officer for such city.

3. As described in the preceding paragraphs, the conduct of the Defendant, GERALD BREIMON, acting under color of law, constituted excessive force in violation of the United States Constitution.

4. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's Constitutional rights.

5. As a result of the above described wrongful infringement of Plaintiff Constitutional rights, Plaintiff has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

Wherefore, Plaintiff, JANELL REIDL, respectfully requests that the Court enter judgment in her favor and against Defendant, GERALD BREIMON, individually and in his official capacity, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant, GERALD BREIMON, in his official capacity and any other relief this Court deems just and appropriate.

### COUNT II
### ASSAULT and BATTERY

1. Plaintiff repeats and realleges paragraphs 1 through 11 of the parties and facts section as though setforth in full herein.

2. The above-described conduct placed plaintiff in fear of immediate battery by the defendants CITY OF CHICAGO and GERALD BREIMON and constituted assault under the common law of Illinois.

3. The above-described harmful, unjustified, and offensive contact by the defendants CITY OF CHICAGO and GERALD BREIMON upon plaintiff's constituted battery under the common law of Illinois.

4. The misconduct described in this Count was undertaken with malice, Willfulness, and reckless indifference to the rights of others.

5. As a result of the fear of immediate battery, plaintiff sustained damages.

6. As a result of the offensive touching, plaintiff sustained damages.

7. The defendants, CITY OF CHICAGO and GERALD BREIMON, as its agent, owed plaintiff a duty to not assault or batter her as alleged above and violated that duty which is the proximate cause of the plaintiff's injuries.

8. The defendants acted in concert with a common purpose and contributed to the same indivisible injuries sustained by the plaintiff.

WHEREFORE, plaintiff JANELL RIEDL requests that judgment be entered in her favor and against the defendants CITY OF CHICAGO and GERALD BREIMON, jointly and severally, and that she be awarded compensatory damages and costs against the defendants, and such further relief as this Court deems just.

## COUNT III
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

1. Each of the foregoing paragraphs is incorporated as if restated fully herein.

2. As described more fully above, the Defendant, GERALD BREIMON, falsely arrested and

unlawfully detained Plaintiff without justification and without probable cause.

3. The misconduct described in this Count was undertaken with malice, willfullnes and reckless indifference to the rights of Plaintiff, and others.

4. As a result of the above-described wrongful infringement of Plaitniff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

WHEREFORE, plaintiff JANELL RIEDL requests that judgment be entered in her favor and against the defendant GERALD BREIMON, individually and in his official capacity, and that she be awarded compensatory damages and attorneys fees against the defendant, GERALD BRIEMON, along with punitive damages against the Defendant, GERALD BRIEMON, and such further relief as this Court deems just.

## COUNT IV
### State Claim: False Arrest/Unlawful Detention

1. Each of the foregoing paragraphs is incorporated as if restated fully herein.

2. As described more fully above, the Defendant, GERALD BREIMON, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

3. The misconduct described in this Count was undertaken with malice, willfullnes and reckless indifference to the rights of Plaintiff, and others

4. The misconduct described in this Count was undertaken by Officer GERALD BRIEMON within the scope of his employment such that his employer, CITY OF CHICAGO, is liable for his actions.

5. As a result of the above-described wrongful infringement of Plaitniff's rights, Plaintiff

suffered damages, including but not limited to mental distress and anguish.

WHEREFORE, plaintiff JANELL RIEDL requests that judgment be entered in her favor and against the defendants, CITY OF CHICAGO and GERALD BREIMON, individually and in his official capacity, and that she be awarded compensatory damages and attorneys fees against the defendant, GERALD BRIEMON, along with punitive damages against the Defendant, GERALD BRIEMON, and such further relief as this Court deems just.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## RIEDL v. GERALD BREIMON

1. Plaintiff repeats and reallege paragraphs 1 through 11 of the parties and facts section as though set forth in full herein.

2. That at the aforesaid time and place, and at all relevant times herein, Sargent GERALD BREIMON did then and there negligently perform acts causing severe emotional distress to the Plaintiff, JANELL RIEDL.

3. At the aforesaid time and place and at all relevant times herein, Defendant, GERALD BREIMON owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care in the performance of said employment duties.

4. That as a direct and proximate result of her depression and emotional disorder, Plaintiff has been unable to perform her daily activities. Plaintiff has experienced great mental anguish as a result of her emotional illness and has become disabled as a result therefrom.

WHEREFORE, the Plaintiff, JANELL RIEDL, prays for judgment against the Defendant, GERALD BREIMON, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00)

plus costs.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## RIEDL v. GERALD BREIMON

1. Plaintiff repeats and reallege paragraphs 1 through 11 of the parties and facts section as though set forth in full herein.

2. That at the aforesaid time and place, and at all relevant times herein, Sargent GERALD BREIMON did then and there commit intentional actions causing severe emotional distress to the Plaintiff, JANELL RIEDL.

3. At the aforesaid time and place and at all relevant times herein, Defendant, GERALD BREIMON owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care in the performance of said employment duties.

4. That at the aforesaid time and place and all relevant times herein, the Defendant, GERALD BREIMON, breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions as alleged in paragraph one.

5. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendants, Plaintiff, JANELL RIEDL, suffered injuries which resulted in depression, agitation, and serious emotional distress that was caused in whole or in part from the intentional acts by the Defendant, Sargent GERALD BREIMON, on or about September 23, 2003.

6. That as a direct and proximate result of her depression and emotional disorder,

Plaintiff has been unable to perform her daily activities. Plaintiff has experienced great mental anguish as a result of her emotional illness and has become disabled as a result therefrom.

WHEREFORE, the Plaintiff, JANELL RIEDL, prays for judgment against the Defendant, GERALD BREIMON, for compensatory and punitive damages plus costs in excess of $100,000.00.

### COUNT VII
### WILFUL AND WANTON INFLICTION OF EMOTIONAL DISTRESS
### RIEDL v. CITY OF CHICAGO

1. At all relevant times herein, the Defendant, CITY OF CHICAGO, was a municipal corporation, organized and authorized to do business in the State of Illinois.

2. Plaintiff repeats and reallege paragraphs 1 through 11 of the parties and facts section as though set forth in full herein.

3. That at or about September 23, 2003, GERALD BREIMON, an employee and/or authorized or ostensible agent of the Defendant, CITY OF CHICAGO, a municipal corporation, performed work duties with indifference and with a conscious disregard for the safety of the Plaintiff while performing a traffic stop and/or investigation on JANELL RIEDL at or near 3700 North Talman, Chicago, Cook County, Illinois in the course and scope of his employment with Defendant, CITY OF CHICAGO.

4. That at the aforesaid time and place, and at all relevant times herein, the agent of the Defendant, CITY OF CHICAGO, did then and there wilfully and wantonly detain and/or imprison JANELL RIEDL without provocation causing severe emotional distress to the Plaintiff, JANELL RIEDL.

5. At the aforesaid time and place and at all relevant times herein, Defendants, CITY

OF CHICAGO, as owner and principal through its agent, employee and/or authorized or ostensible agent owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care in the performance of said employment duties.

6. That at the aforesaid time and place and all relevant times herein, the Defendants, CITY OF CHICAGO, breached the aforesaid duty to the Plaintiff through one or more of the following wilful and wanton acts and/or omissions as alleged in paragraph two.

7. As a direct and proximate result of one or more of the aforesaid wilful and wanton acts and/or omissions of the Defendants, Plaintiff, JANELL RIEDL, suffered injuries which resulted in depression, agitation, and serious emotional distress that was caused in whole or in part from the conscious disregard and indifference in the performance of the duties caused by the Defendant, CITY OF CHICAGO, a municipal corporation, by and through its employee, agent, and/or servant, on or about September 23, 2003.

8. That as a direct and proximate result of hel depression and emotional disorder, Plaintiff has been unable to perform her daily activities. Plaintiff has experienced great mental anguish as a result of her emotional illness and has become disabled as a result therefrom.

WHEREFORE, the Plaintiff, JANELL RIEDL, prays for judgment against the Defendant, CITY OF CHICAGO, a municipal corporation, in an amount in excess of THIRTY THOUSAND DOLLARS ( $30,000.00) plus costs.

**COUNT VIII**
**JANELL RIEDL v. CITY OF CHICAGO INDEMNIFICATION**

1. Plaintiff repeats and reallege paragraphs 1 through 11 of the parties and facts

section as though set forth in full herein.

2. Illinois law provides pursuant to 735 ILCS 10/2-302 that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

3. The Defendant, GERALD BREIMON, is and was an employee of the City of Chicago, who acted within the scope of their employment in committing the misconduct described herein.

Attorney for Plaintiff

Vrdolyak Law Group, LLC #41535

By: Edward J. Vrdolyak
Attorney for Plaintiff
9618 South Commercial Ave.
Chicago, Il. 60617
773-731-3311